07 5374

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN GARDNER, SR. and JOHN GARDNER, JR.,

Index #:

COGAN, J.

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. NIURCA QUINONES
(individually and in her capacity as a Police Officer) JOHN
DOES #1-5 (individually and in their capacities as Police
Officers) and CHARLES HYNES as DISTRICT ATTORNEY,
KINGS COUNTY,

**VERIFIED COMPLAINT**

ORENSTEIN, M.J.

U.S. DISTRICT COURT E.D.N.Y.

★ DEC 26 2007 ★

BROOKLYN OFFICE

Defendants.
------------------------------------------------------------------x

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs, JOHN GARDNER, SR. and JOHN GARDNER, JR., seeks relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, of rights secured by the fourth and fourteenth amendments to the United States Constitution, and of rights secured under the laws and constitution of the State of New York. The plaintiffs seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and other and further relief as this Court deems just and equitable.

### JURISDICTION

2.      Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 an 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights.

3.      Jurisdiction is also invoked herein pursuant to the fourth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

4.      The plaintiffs requests that this Court exercise supplemental jurisdiction over any state court cause of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. § 1367.

## JURY TRIAL DEMANDED

5.  Plaintiffs demand a trial by jury on each of the causes of action pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court for the District of New York pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

7.  The plaintiffs, JOHN GARDNER, SR and JOHN GARDNER, JR., at all times relevant herein were residents of the County of Kings, State and City of New York.

8.  At all times mentioned in this complaint, defendant CITY OF NEW YORK (hereinafter CITY), was and is a municipal corporation, organized and existing under the laws of the State of New York.

9.  At all times mentioned in this complaint, defendant CHARLES HYNES as DISTRICT ATTORNEY, KINGS COUNTY was and is the District Attorney of Kings County, City and State of New York.

10. At all times mentioned in this complaint, defendant CHARLES HYNES as DISTRICT ATTORNEY, KINGS COUNTY was and is the DISTRICT ATTORNEY, KINGS COUNTY.

11. At all times mentioned in this complaint, defendant CHARLES HYNES as DISTRICT ATTORNEY, KINGS COUNTY (hereinafter DISTRICT ATTORNEY) was and is employed by CITY.

12. At all times mentioned in this complaint, defendant NIURCA QUINONES was and is a Police Officer employed by CITY.

13. At all times mentioned in this complaint, defendants JOHN DOES #1-5 (individually and in their capacities as Police Officers) were Police Officers employed by CITY.

14. Pursuant to the Order of J. Battaglia, J. Supreme Kings, in action # 17937/2007 notice of plaintiffs' intention to sue herein, and of the time and place where plaintiffs sustained personal injuries as hereinafter described, were duly filed and served by the plaintiffs with defendant CITY, as required by law on September 7, 2007, that more than thirty (30) have elapsed since service of the said notice as aforesaid, and the defendant CITY has failed, neglected, and refused to make payment or adjustment therefore; and that this action was commenced within one (1) year and ninety (90) days after the said cause of action accrued.

15. The defendant CITY has a right to hold a §50-h hearing that it was entitled to pursuant to the laws of the State of New York,

16. The defendant CITY has waived its right to hold a §50-h hearing in this matter as to both plaintiffs.

17. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

18. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY, its agents, servants and employees operated, maintained and controlled the DISTRICT ATTORNEY, KINGS COUNTY including all employees thereof.

19. Upon information and belief, that at all times hereinafter mentioned, the defendant, DISTRICT ATTORNEY, its agents, servants and employees operated, maintained and controlled the office of the DISTRICT ATTORNEY, KINGS COUNTY including all off the employees thereof.

### AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST ALL DEFENDANTS

20. Plaintiffs repeats and reallege each and every allegation contained in paragraphs 1 through 21 above as is fully set forth herein.

21. These officers include P.O. NIURCA QUINONES and Officers JOHN DOES #1-5 were employed by the CITY OF NEW YORK as police officers.

22. Upon information and belief, at all items mentioned, and on or prior to August 18, 2005, CHARLES HYNES was the District Attorney of Kings County and assistant District Attorneys employed by the his office and on his behalf as members, officers and employees of the District Attorney's Office, Kings County.

23. On August 18, 2005, officers and employees of the City of New York Police Department, without provocation, warning or reason, police officers broke into their home located at 576 Miller Ave., County of Kings, City and State of New York. In the course of their breaking in and searching the home, they did considerable property damage to the contents of home. In front of neighbors and friends, they arrested both plaintiffs. Upon information and belief, among the officers that arrested them was Det. 3rd Grade Niurca Quinones and P.O. Officers JOHN DOES #1-5 who were acting within the scope of and in furtherance of their employment as New York City Police Officers.

24. Notwithstanding the remonstrance of the plaintiffs, and after plaintiffs had offered, in the presence of witnesses, to explain that they were innocent of any and every crime and offense, defendants CITY took the plaintiffs into custody and caused them to be transported in shame and humiliation by police officers to the 75th Precinct, where plaintiffs, conscious and not consenting to their confinement, was detained, fingerprinted and thrust in to a filthy room at said place in company with criminals and persons charged with crime, and other disorderly and vile persons, after which they were transported to Central Booking, Kings County whereupon they were released without bail on their own recognizance.

25. Plaintiffs were charged with criminal possession of a loaded weapon in the 2nd & 3rd Degree.

26. In the appearances in Criminal Court, the District Attorney, Kings County by his assistants, various and diverse Assistant District Attorneys, appeared and continued the prosecution until such time as the charges were dismissed.

27. After numerous appearances in Criminal Court, on December 12, 2006, all charges against the plaintiffs were dismissed on the merits by J. Nadelson in AP5, Criminal Court, Kings County. The record was ordered sealed.

28. The arrest causing the prosecution of plaintiffs was ordered, orchestrated and directed by defendants with deliberation and malice.

29. The actions of the defendants in prosecuting the plaintiffs were reckless for the safety and civil rights of plaintiffs, negligent and unwarranted, and without any just cause or provocation.

30. As a result of the acts of the defendants, the plaintiffs suffered and still suffered great mental pain; suffered psychological damages including embarrassment and loss of reputation and esteem in the community as well as to self; lost time from work as well as lost income as well as economic damages; were obliged and did expend large sums of money for legal assistance or caused others to expend such sums; and have been informed and believe that certain of their injuries are permanent.

31. The injuries described above were caused wholly and solely by reason of the malice intent and negligence of all defendants.

### FOR A SECOND CAUSE OF ACTION IN NEGLIGENCE AGAINST ALL DEFENDANTS

32. Plaintiffs repeats and reallege each and every allegation contained in paragraph 1 through 31 above as is fully set forth herein.

33. That as a result of the actions of the aforementioned defendants and its agents, servants and employees falsely and maliciously prosecuted the plaintiffs, and deprived them of

their rights and liberties as set forth in the Constitution of the United States and of the State of New York in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiffs, to arrest, restrain, imprison and prosecute the plaintiffs without their consent; that plaintiffs were at all times conscious of their arrest and prosecution and did not consent to the false arrest and imprisonment and they were not otherwise privileged.

34. The arrest and malicious prosecution were not justified by probable cause or other legal privileges; defendants, their agents, servants and employees, acting under the color of statue, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely charged and prosecuted the plaintiffs with criminal possession of a weapon in the 2nd and 3rd degree although the defendants, acting in such capacity, knew that such charges were false and that they failed to have a good faith basis upon which they could prosecute the plaintiffs.

35. The defendant, CITY, its agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other control the behavior and performance of the above mentioned police officers in its hiring and training practices, in the defendant Police Officers exercise of their police functions and their failure to enforce the laws of the State and City of New York properly and correctly is evidence of the reckless lack of cautious regard for the rights of the public including plaintiffs, in that they exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

36. The defendant, DISTRICT ATTORNEY, his agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other control the behavior and performance of the above mentioned officers, employees etc. of the office of

the DISTRICT ATTORNEY in its hiring and training practices, in the defendant DISTRICT ATTORNEY's exercise of his and the office's functions and their failure to enforce the laws of the State and City of New York properly and correctly is evidence of the reckless lack of cautious regard for the rights of the public including plaintiffs, in that they exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

37.     Due to the acts of the Defendants, their agents, servants and employees herein, the failure of the DEFENDANTS to discipline and properly hire the defendants agents, services, employees and officers to the continued employment of the defendants presents a clear and present danger to the citizens of the City and State of New York.

38.     The prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings and prosecution by the defendants against the plaintiffs was without probable cause and with actual malice and was terminated in favor of the plaintiffs.

39.     The defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was in violation of the constitutional rights of the above named plaintiffs, and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, and the City of New York and under the authority of their office as police officers for said state and city.

40.     As a direct result of the illegal actions and conduct on the part of the

Defendants, their agents, servants and employees, plaintiffs were arrested and maliciously prosecuted and compelled to appear in Criminal Court in the City of New York, County of Kings and to undergo a criminal proceeding until all charges were dismissed. As a result of that actions, they were damaged in various and diverse manners hereinabove.

### AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

41.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "40" with the same force and effect as is more fully and at length set forth herein.

42.  The defendants, CITY and DISTRICT ATTORNEY, their agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and carefully police officer would have used under similar circumstances in that they carelessly, recklessly and negligently prosecuted the plaintiffs without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they performed, controlled and conducted their investigation; that the defendants failed to properly train its employees and defendants and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

43.  The aforesaid occurrence, to wit: the arrest, imprisonment and prosecution and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

44.  By reason of the aforesaid, plaintiffs were subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in their credit and circumstances and was then and there prevented and

…hindered from performing and transacting their necessary affairs and business, and plaintiffs was caused to suffer much pain in both mind and body, the loss of employment, the loss of employment and business opportunities and income as described hereinabove.

### AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS P.O. NIURCA QUINONES (individually and in her capacity as a Police Officer), JOHN DOES #1-5 (individually and in their capacities as Police Officers)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "44" with the same force and effect as is more fully and at length set forth herein.

46. At all times herein mentioned, the defendant P.O. NIURCA QUINONES was employed in her capacity by the defendant CITY and was acting under the color of her official capacity and her acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

47. At all times herein mentioned, the defendants JOHN DOES #1-5 (individually and in their capacities as Police Officers) were employed in their capacity by the defendant CITY and were acting under the color of their official capacity and her acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

48. At all items hereinafter mentioned, defendants NIURCA QUINONES and JOHN DOES #1-5 were acting pursuant to orders and directives from defendant, CITY and POLICE DEPARTMENT.

49. During all times hereinafter mentioned, the defendant detective and other police officers acted under color and pretense of law, to wit; under color of the statutes, ordinances, regulations, customs and usages of CITY and the defendants herein, separately and incorrect, engaged in the illegal conduct here mentioned to the injury of the plaintiffs, and deprived

plaintiffs of their rights, privileges and immunities secured to plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

50. Defendants NIURCA QUINONES and JOHN DOES #1-5, officers and employees of defendant CITY, and its individual members who are agents, servants and employees of defendant, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs as well as other persons to a pattern of conduct consisting of illegal harassment, false imprisonment, arrests and malicious prosecutions in the County of Kings, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiffs, and other citizens by the Constitution of the United States causing plaintiffs to be injured as described hereinabove.

### AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS CHARLES HYNES as DISTRICT ATTORNEY, KINGS COUNTY

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as is more fully and at length set forth herein.

52. The defendant, DISTRICT ATTORNEY, its/his agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and carefully District Attorney would have used under similar circumstances in that they carelessly, recklessly and negligently arrested and prosecuted the plaintiffs without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they performed, controlled and conducted their investigation; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

53. The aforesaid occurrence, to wit: the arrest, imprisonment and prosecution and

the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

54. By reason of the aforesaid, plaintiffs were subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting their necessary affairs and business, and plaintiffs was caused to suffer much pain in both mind and body, the loss of employment, the loss of employment opportunities and income as described hereinabove.

## AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

55. Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 54 above as is fully set forth herein.

56. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiffs, and other citizens by members of the police department of defendant, CITY, acting in concert with persons unknown to plaintiffs and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

57. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

58. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

    a. The right of plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

    b. the right of the plaintiffs to be informed of the nature and cause of the accusations against them as secured to them under the Sixth and Fourteenth Amendments to the Constitution of the United States

    c. The right of the plaintiffs not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

59. By reason of the aforesaid violations, false arrest and false imprisonment, and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiffs and compelled his to abandon there rights and privileges as provided in the Constitution of the United States of America, and provided to them in the Constitution of the United States of America, and provided to them in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. §1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly

the plaintiffs, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of the America and of the State of New York; were subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in their character and reputation, were prevented from attending their usual business and vocations, and were injured in their reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiffs.

60. By reason of the aforesaid intentional acts, including the arrest and malicious prosecution and deprivation of rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiffs suffered conscious pain and unwarranted suffering and were otherwise damaged.

**WHEREFORE,** plaintiffs demands judgment against each and all of the defendants herein, on each and every respective cause of action set forth against each and all of them hereinabove, jointly and severally:

    A. Compensatory damages;

    B. Punitive damages;

    C. Enhanced compensatory damages;

    D. The convening and impaneling of a jury to consider the merits of the claims herein;

    E. Costs and interest and attorney's fees; and

    F. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in

the interests of justice.

Charles M. Hymowitz
Law Office of Charles M. Hymowitz, P.C.
ATTORNEY FOR PLAINTIFFS
26 Court St. – Suite 1705
Brooklyn, NY 11242
718.624.9200